IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRADFORD TILGHMAN,<br><br>   Plaintiff,<br><br>v.<br><br>PRINCESS ANNE POLICE<br>DEPARTMENT, et al.,<br><br>   Defendants. | Civil Action No.:  BAH-24-691 |

**MEMORANDUM**

Self-represented Plaintiff Bradford Tilghman has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF 2. Because Plaintiff appears to be indigent, his request to proceed without prepayment of the filing fee is granted. However, for the reasons stated below, the complaint will be dismissed without prejudice.

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 claiming that Officer T. McMenemy and the Princess Anne Police Department violated his right to due process. ECF 1. He alleges that he was arrested for assault on October 5, 2017, and was subsequently transported to a hospital to be treated for injuries sustained after he was struck by a hammer wielded by the alleged victim of Plaintiff's assault. *Id.* at 2–3. Plaintiff states that he was released from Officer McMenemy's custody while he was being treated, first Salisbury, MD, and later at the "critical care unit at Johns Hopkins in Baltimore." *Id.* at 3. Plaintiff asserts that pursuant to "Maryland Criminal Procedure 10-301.1," the record of his arrest should have been expunged. *Id.* Plaintiff alleges he was unlawfully rearrested on October 25, 2017. *Id.* Plaintiff alleges he appeared for trial on December 15, 2017, and "all of the remaining charges were nol[lle] pros[equi]." *Id.* Plaintiff asserts that the Police Department refused to expunge his record and claims that he was reindicted in case C-19-

CR-18-00033 on February 16, 2018, for charges that were previously dismissed. *Id.* at 3–4. Though not entirely clear from the sparse information included in the complaint, it appears Plaintiff may have been convicted of some or all of the charges alleged in the February 16, 2018, indictment. Plaintiff requests that the Court order the Princess Anne Police Department to expunge the record of his criminal case and vacate his judgment of conviction. *Id.* at 5. He also seeks damages for his wrongful conviction. *Id.*

As noted, Plaintiff filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In determining whether to dismiss an *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e), "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722–23 (4th Cir. 1989).

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees. *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary remedy that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (noting that mandamus is only available if plaintiff has no other adequate means to attain relief); *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce District Court judgment); *see also South Carolina v. United States*, 907 F.3d 742, 754–55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Here, Plaintiff requests that the Court order a local police department in Maryland to expunge a criminal record and vacate his conviction. However, this Court cannot grant the relief requested.

As to Plaintiff's claim for damages, in *Heck v. Humphrey*, the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. 512 U.S. 477, 486–87 (1994). Here, Plaintiff appears to contend that he was convicted of charges that should have been previously expunged and therefore contends that he is wrongfully incarcerated. ECF 1, at 2–5. Plaintiff presents no facts which show that his conviction has been overturned and therefore his claim, which challenges the legality of his conviction, is barred by *Heck*.

For these reasons, by a separate Order which follows, Plaintiff's claims will be dismissed.

April 19, 2024 /s/
Date Brendan A. Hurson
United States District Judge